WILLIAM A. LORD AND WIFE JENNIFER L. LORD, PLAINTIFFS-APPELLEES V. CUS-
TOMIZED CONSULTING SPECIALTY, INC., DEFENDANT AND THIRD PARTY PLAINTIFF-
APPELLEE V. 84 COMPONENTS COMPANY, 84 LUMBER COMPANY, AND 84 LUM-
BER COMPANY, A LIMITED PARTNERSHIP THIRD PARTY DEFENDANTS-APPELLANTS

No. COA03-848

(Filed 15 June 2004)

## 1. Costs— voluntary dismissal—recovery by third-party defendant

Third-party defendants may recover costs from the original plaintiffs after plaintiffs voluntarily dismiss their action under N.C.G.S. § 1A-1, Rule 41. However, third-party defendants may not recover from the original defendants, whose claim was simply extinguished when the plaintiffs dismissed their action. N.C.G.S. § 1A-1, Rule 41(d).

## 2. Costs— voluntary dismissal—statutory—common law

Costs assessed under N.C.G.S. § 7A-305 must be awarded in a voluntary dismissal, while common law costs awarded under N.C.G.S. § 6-20 are in the discretion of the court.

## 3. Costs— telephone charges—copying expenses

Telephone and copying expenses are not specifically authorized as costs under N.C.G.S. § 7A-305(d), and the trial court did

not abuse its discretion by denying them (assuming that these are allowable common law costs under N.C.G.S. § 6-20.)

### 4. Costs— voluntary dismissal—expert witnesses—not subpoenaed

Expert witness fees could not be assessed under N.C.G.S. § 7A-305(d) in this case because the witnesses were not subpoenaed, and the authority to tax expert witness fees as a common law cost does not exist under N.C.G.S. § 6-20.

### 5. Costs— voluntary dismissal—deposition expenses

Deposition costs are not allowed under N.C.G.S. § 7A-305(d), and the trial court did not abuse its discretion by not allowing reimbursement of those costs to a third-party defendant after plaintiff's voluntary dismissal.

### 6. Costs— voluntary dismissal—mediator fee

The trial court erred by not taxing a mediator fee as a cost following a voluntary dismissal. N.C.G.S. § 7A-305(d)(7).

Appeal by third party defendants from order denying third party defendants' motion for costs entered on 8 April 2003 by Judge Clarence E. Horton, Jr. in Iredell County Superior Court. Heard in the Court of Appeals 1 April 2004.

*Tate, Young, Morphis, Bach & Taylor, LLP by Thomas C. Morphis and Valeree R. Adams for Third Party Defendants-Appellants.*

*Stark Law Group, PLLC by Thomas H. Stark and Fiona V. Ginter for Plaintiffs-Appellees.*

*Morris, York, Williams, Surles & Barringer, LLP by Kimberly A. Gossage for Defendant and Third Party Plaintiff-Appellees.*

STEELMAN, Judge.

The issue in this appeal is whether a third party defendant may recover costs under N.C.R. Civ. P., Rule 41(d) (2003) from original plaintiff upon plaintiff's voluntary dismissal of the action under N.C.R. Civ. P., Rule 41(a). We hold that such recovery is permitted.

84 Components Company, 84 Lumber Company, and 84 Lumber Company, a limited liability partnership (third party defendants) appeal from the trial court's order denying their motion for costs. Customized Consulting Specialty, Inc. (defendant) sold a new house

LORD v. CUSTOMIZED CONSULTING SPECIALTY, INC.

[164 N.C. App. 730 (2004)]

to William and Jennifer Lord (plaintiffs) on 15 January 1999. After occupying the house, plaintiffs complained of various defects in its construction, including sagging floor and roof trusses supplied to defendant by third party defendants. Plaintiffs filed this action against defendant on 7 December 2001, alleging defendant breached its implied warranty of workmanlike construction and was negligent in its construction of the house. On 14 February 2002, defendant filed an answer and third party complaint against third party defendants seeking indemnity and contribution from third party defendants in the event that the plaintiffs were entitled to recover any sums from them. The only relief sought by defendant from third party defendants was expressly contingent upon plaintiffs recovering from defendant. No claims were filed by plaintiffs against third party defendants and third party defendants asserted no claims against plaintiffs or defendant. On 31 January 2003 plaintiffs voluntarily dismissed their action against defendant, without prejudice, under Rule 41(a)(1). Third party defendants moved that costs be assessed pursuant to Rule 41(d). On 26 February 2003 third party defendants filed an affidavit in support of their motion for costs pursuant to Rule 41(d), seeking costs in the amount of $9,891.95. On April 8, 2003 Judge Horton entered an order denying third party defendants' motion, in his discretion. Third party defendants appeal.

[1] In their sole assignment of error, third party defendants contend that the trial court erred in denying their motion for costs under Rule 41(d) of the North Carolina Rules of Civil Procedure. We agree in part.

The relevant part of Rule 41(d) states: "A plaintiff who dismisses an action or claim under section (a) of this rule *shall* be taxed with the costs of the action unless that action was brought *in forma pauperis.*" (emphasis added). Under Rule 41(d) the awarding of costs is mandatory. *Cosentino v. Weeks*, 160 N.C. App. 511, 518, 586 S.E.2d 787, 790 (2003), *Sims v. Oakwood Trailer Sales Corp.*, 18 N.C. App. 726, 728, 198 S.E.2d 73, 74 (1973). Rule 41(d) does not explicitly specify which parties may be entitled to recover costs from plaintiff upon the filing of a Rule 41(a) dismissal.

The issue presented, whether a third party defendant can recover its costs from the original plaintiff under Rule 41(d), is one of first impression in North Carolina.

This Court has held the purpose of Rule 41(d) to be two-fold: 1) reimbursing defendants for costs when through no fault of

their own they are denied a hearing on the merits, and 2) curtailing vexatious lawsuits by creating consequences for the plaintiff's voluntary dismissal. *Alsup v. Pitman*, 98 N.C. App. 389, 390, 390 S.E.2d 750, 751 (1990). Both of these objectives are furthered by allowing third party defendants to recover their costs under Rule 41(d), and neither would be furthered by denying third party defendants recovery of their costs.

In the absence of North Carolina case law, we look to federal cases for guidance on this issue. Federal courts have determined that when third party defendants are brought into an action pursuant to Fed. R. Civ. P. Rule 14, and are thus entitled to assert any and all defenses against the plaintiff that the defendant could assert, the third party defendant holds the same adversarial position to the plaintiff as the defendant. For this reason, the third party defendant is a prevailing party for the purposes of taxing costs, and awarding costs to the third party defendant when the defendant prevails against the plaintiff is proper. *See American State Bank v. Pace*, 124 F.R.D. 641, 650-51 (D. Neb. 1987) (plaintiff sued defendant, who instituted a third party suit against third party defendant. Defendant prevailed at trial and the trial court taxed third party defendant's costs against plaintiff, holding third party defendant was a prevailing party under Federal Rule 54, even though plaintiff had not sued third party defendant).

Under Rule 14(a) of the North Carolina Rules of Civil Procedure, a defendant is permitted to file a third party action against "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claims against him." In the instant case, defendant filed a third party complaint seeking indemnity and contribution from third party defendants. Each of these claims was related to plaintiffs' claims against defendant. When plaintiffs' claims against defendant were voluntarily dismissed, defendant's third party claims ceased to exist. All of the claims of plaintiffs and defendant were part of the same action. It is therefore equitable and proper that the costs of the third party defendants be taxed to the plaintiffs in this case.

In the instant case, third party defendants moved for costs to be taxed against plaintiffs. Judge Horton's order denied third party defendants' request that costs be taxed to plaintiffs, and did not address defendant's liability for costs. Third party defendants do not argue in their brief that costs should be taxed to defendant, and plaintiffs do not explicitly argue that defendant should be responsible for whatever costs, if any, are awarded to third party defendants in this

action. Defendant filed a brief in this matter, however, arguing that if this Court were to determine third party defendants are entitled to costs under Rule 41(d), those costs should be taxed to plaintiffs, and not defendant. The issue has thus been raised before this Court as to whether third party defendants can recover costs from defendant in the instant case. We hold that they may not.

Defendant did not dismiss its action against third party defendants, nor was there any ruling on the merits of the third party claim. The defendant's claim against third party defendants was simply extinguished when plaintiffs voluntarily dismissed their action under Rule 41(a). There is no basis to tax costs against defendant in this instance. *See Bacon Trust v. Transition Ptnrs.*, 2004 U.S. Dist. LEXIS 3079, 5 (D.Kan.2004).

[2] Having established third party defendants' rights to recover costs from plaintiffs under Rule 41(d), we must now determine what costs, if any, third party defendants were entitled to recover. "[C]osts in this State, are entirely creatures of legislation, and without this they do not exist." *Clerk's Office v. Commissioners of Carteret County*, 121 N.C. 29, 30, 27 S.E. 1003 (1897) (cited in *Charlotte v. McNeely*, 281 N.C. 684, 190 S.E.2d 179 (1972). This Court has determined that two statutes control what costs are allowed under Rule 41(d). Costs under N.C. Gen. Stat. § 7A-305 *must* be awarded under Rule 41(d). *DOT v. Charlotte Area Manufactured Hous., Inc.*, 160 N.C. App. 461, 586 S.E.2d 780 (2003). However, other costs, which have been described as "common law costs," are awarded under N.C. Gen. Stat. § 6-20, and the awarding of these costs, even in the context of Rule 41(d), is in the discretion of the trial court. *Cosentino*, 160 N.C. App. at 516, 586 S.E.2d at 789. In *Charlotte Area*, this court defined these "common law" costs as being those costs established by case law prior to the enactment of N.C. Gen. Stat. § 7A-320 in 1983. N.C. Gen. Stat. § 7A-320 stated that the costs established in Article 28 of Chapter 7A were "complete and exclusive, and in lieu of any other costs and fees."

In analyzing whether costs are properly assessed under Rule 41(d), we must undertake a three-step analysis. First, if the costs are items provided as costs under N.C. Gen. Stat. § 7A-305, then the trial court is required to assess these items as costs. Second, for items not costs under N.C. Gen. Stat. § 7A-305, it must be determined if they are "common law costs" under the rationale of *Charlotte Area*. Third, as to "common law costs" we must determine if the trial court abused its discretion in awarding or denying these costs under N.C. Gen. Stat. § 6-20.

LORD v. CUSTOMIZED CONSULTING SPECIALTY, INC.

[164 N.C. App. 730 (2004)]

We must now examine the costs for which third party defendants seek reimbursement. In this case, third party defendants seek reimbursement for costs related to 1) copy expenses, 2) telephone charges, 3) expert witness fees, 4) depositions and deposition related expenses, and 5) mediator fee. We address each of these costs in turn.

*Copy and Telephone Expenses.*

**[3]** These expenses are not specifically authorized as costs under N.C. Gen. Stat. § 7A-305(d). In the absence of such authority, and assuming *arguendo* that these costs were associated with costs allowed under N.C. Gen. Stat. § 6-20 (such as deposition expenses), these expenses must be analyzed under the provisions of N.C. Gen. Stat. § 6-20, which provides that costs "may be allowed or not, in the discretion of the court." We discern no abuse of discretion by the trial judge in denying these items as costs.

*Expert Witness Fees.*

**[4]** N.C. Gen. Stat. § 7A-305(d)(1) provides that witness fees are assessable as costs "as provided by law." This refers to the provisions of N.C. Gen. Stat. § 7A-314 which provides for witness fees where the witness is under subpoena. In this case, the experts were never under subpoena. Further, the invoices from third party defendants's experts make no reference to a deposition. The fees sought to be taxed as costs were for the review and analysis of the case, and the preparation of a report. The trial court was empowered to award witness fees only where the witness was under subpoena. *Overton v. Purvis*, 162 N.C. App. 241, 591 S.E.2d 18 (2004) (citing *Holtman v. Reese*, 119 N.C. App. 747, 752, 460 S.E.2d 338, 342 (1995) and *Brandenburg Land Co. v. Champion Int'l Corp.*, 107 N.C. App. 102, 104-05, 418 S.E.2d 526, 528-29 (1992)). The trial court was thus not permitted to award expert witness fees pursuant to N.C. Gen. Stat. § 7A-305(d), and the authority to tax expert witness fees does not exist as a "common law" cost under N.C. Gen. Stat. § 6-20. *See Brandenburg Land Co. v. Champion Int'l Corp.*, 107 N.C. App. 102, 418 S.E.2d 526 (1992) (reversing the trial court's award of Rule 41(d) costs for expert witness' preparation of an affidavit used in support of defendant's motion for summary judgment after plaintiff voluntarily dismissed under Rule 41(a)); *See also Wade v. Wade*, 72 N.C. App. 372, 384, 325 S.E.2d 260, 271 (1985).

*Depositions and Deposition Related Costs.*

**[5]** These cost items are not allowed under N.C. Gen. Stat. § 7A-305(d). However, *Cosentino* holds that this cost item may be

taxed to a plaintiff who dismisses under Rule 41(a) in the discretion of the trial court. *Cosentino*, 160 N.C. App. 511, 586 S.E.2d 787; *see also Charlotte Area*, 160 N.C. App. at 468, 586 S.E.2d at 784 (which finds that the trial court may award deposition costs in its discretion under N.C. Gen. Stat. § 6-20 after the enactment of N.C. Gen. Stat. § 7A-320). The trial court's denial of deposition related costs may thus only be reversed upon a showing of abuse of discretion. Third party defendants make no argument in their brief that the trial court abused its discretion in refusing to award this item as costs, nor do we discern any abuse of discretion.

### Mediator Fee

[6] N.C. Gen. Stat. § 7A-38.1 mandates that a mediated settlement conference be held in all Superior Court civil actions pursuant to rules adopted by the Supreme Court. The record in this matter shows that a mediated settlement conference was held on 25 November 2002, during the pendency of this action and that third party defendants incurred a mediator fee of $145.80. Costs of mediation are costs provided for under the provisions of N.C. Gen. Stat. § 7A-305(d)(7). *Sara Lee Corp. v. Carter*, 129 N.C. App. 464, 500 S.E.2d 732 (1998), *rev'd on other grounds*, 351 N.C. 27, 519 S.E.2d 308 (1999). The mediator's fee was a cost that the trial court was required to tax as costs under Rule 41(d) and N.C. Gen. Stat. § 7A-305(d)(7). It was error for the trial court not to assess this item as costs against plaintiffs.

We hold that third party defendants were entitled to recover costs from plaintiffs as provided by law, and should recover from plaintiffs $145.80 for the cost of court ordered mediation. We reverse and remand to the trial court for entry of an order consistent with this opinion.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.

Judges McGEE and CALABRIA concur.