JERRY L. MORGAN, Executor of the Estate of JOHN W. MORGAN, Plaintiff v.
R. CLAYTON STEINER, M.D., and MOORE SURGICAL CENTER, P.A., Defendants

No. COA04-1187

(Filed 4 October 2005)

**Costs— trial expenses-deposition costs—costs for obtaining medical records—mediation costs—expert witness fees—trial exhibit fees**

The trial court's order in a negligence case ordering plaintiff to reimburse defendants for trial expenses in the amount of $31,082.87 was proper in part and erroneous in part, and the case is remanded with instructions to modify the award of costs, because: (1) the award of deposition costs of $4,685.23 was proper since they are within the category of common law costs permissible under N.C.G.S. § 6-20 prior to 1983; (2) the award of costs for obtaining medical records in the amount of $2,153.31

**MORGAN v. STEINER**

[173 N.C. App. 577 (2005)]

was erroneous since medical records are not among the costs enumerated in N.C.G.S. § 7A-305(d) and our courts have not heretofore recognized the cost of obtaining medical records as an expense taxable to a party under N.C.G.S. § 6-20; (3) the award of mediation costs for the fee of the mediator was proper since it was authorized under N.C.G.S. § 7A-305(d)(7), although ordering plaintiff to pay the cost of the lunch defendants voluntarily provided during the conference totaling $100.97 was improper; (4) the award of costs for three expert witnesses who were brought in to testify on the same issue, although one did not testify, was erroneous in part when N.C.G.S. § 7A-314(e) prohibits the award of costs for a third expert witness subpoenaed to prove a single material fact, and thus, $6,762.50 for the third witness's expenses in this case is reversed; (5) the award of expert witness fees in the amount of $1,350 for an economist who attended the trial pursuant to subpoena and served as a consultant but never testified was improper, as well as costs for another expert in the amount of $2,250 for reviewing records and consulting with defense counsel, since there is no statutory authority for awarding costs for case review, research, estimation of discounted present values, revision of report, and consultation; and (6) the award of costs in the amount of $1,835.03 for trial exhibit fees was erroneous since it is not enumerated in N.C.G.S. § 7A-305(d) and there was no common law authority for the assessment of costs for these fees prior to 1983.

Appeal by plaintiff from judgment entered 23 May 2004 by Judge Mark E. Klass in Richmond County Superior Court. Heard in the Court of Appeals 22 April 2005.

*Maxwell, Freeman & Bowman, P.A., by James B. Maxwell, for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Bryson & Anderson, L.L.P., by Mark E. Anderson and Tobias S. Hampson, for defendants-appellees.*

TIMMONS-GOODSON, Judge.

Plaintiff appeals a judgment of the trial court ordering plaintiff to pay the cost of defendants' trial expenses. For the reasons stated herein, we affirm the trial court's order in part and reverse in part.

The factual and procedural history of this case is as follows: On 23 November 1999, John Morgan ("decedent") died as a result of

internal injuries sustained in a farm equipment accident. Jerry Morgan ("plaintiff"), decedent's brother and executor of his estate, filed a complaint for negligence on 20 November 2001, naming the following parties as defendants: FirstHealth of the Carolinas; Dr. Paula Adkins and her practice, Sandhills Emergency Physicians, P.A.; and R. Clayton Steiner, M.D. and his practice, Moore Surgical Center, P.A. On 17 December 2002, all parties participated in a mediated settlement conference. Although a settlement was not reached at the time, plaintiff later negotiated a settlement with FirstHealth, Dr. Adkins and Sandhills Emergency Physicians. Plaintiff voluntarily dismissed his complaint against these parties. Remaining for trial were plaintiff's negligence claims against Dr. Steiner and his practice, Moore Surgical Center (collectively, "defendants").

On 2 February 2004, defendants extended an offer of judgment to plaintiff pursuant to Rule 68 of the North Carolina Rules of Civil Procedure. Plaintiff did not accept the offer of judgment and the matter was tried before a jury beginning 16 February 2004. At the close of the evidence, the jury returned a verdict in favor of defendants, which judgment was entered by the trial court on 2 March 2004. Defendants subsequently filed a motion for costs, seeking reimbursement for all trial costs in the amount of $43,781.11. The trial court granted defendants' motion in part and concluded as a matter of law that plaintiff should pay defendants $31,082.87. It is from this order that plaintiff appeals.

---

The sole issue raised on appeal is whether the trial court erred by ordering plaintiff to reimburse defendants' trial expenses. Specifically, plaintiff argues that defendants' trial expenses "are neither statutorily mandated nor judicially approved by the Supreme Court of North Carolina." We address each enumerated cost.

Where an appeal presents a question of statutory interpretation, this Court conducts a *de novo* review of the trial court's conclusions of law. *Coffman v. Roberson*, 153 N.C. App. 618, 623, 571 S.E.2d 255, 258 (2002). In the instant case, the trial court concluded as a matter of law that defendants were entitled to reimbursement in the amount of $31,082.87 "pursuant to Rule 68 of the North Carolina Rules of Civil Procedure," as well as "Chapters 6 and 7A of the North Carolina General Statutes". Thus, we review the trial court's order *de novo*.

Rule 68 of the North Carolina Rules of Civil Procedure provides that where a defendant makes an offer of judgment at least ten days before trial, the plaintiff rejects the offer of judgment, and the judg-

ment finally obtained by the plaintiff is less favorable than the offer of judgment, the plaintiff must pay the costs incurred by defendant after the offer was rejected. N.C.R. Civ. P. Rule 68(a) (2004).

N.C. Gen. Stat. §§ 6-18 and 6-19 (2003) delineate the types of actions in which costs shall be awarded to the prevailing party in civil actions. N.C. Gen. Stat. § 6-20 (2003) provides that "[i]n other actions [not listed in §§ 6-18 and 6-19], costs may be allowed or not, in the discretion of the court, unless otherwise provided by law." N.C. Gen. Stat. § 6-1 (2003) provides: "To the party for whom judgment is given, costs shall be allowed as provided in Chapter 7A and this chapter."

Section 305 of Chapter 7A of the General Statutes sets forth a list of expenses that may be assessed in civil actions:

(1) Witness fees, as provided by law.

(2) Jail fees, as provided by law.

(3) Counsel fees, as provided by law.

(4) Expense of service of process by certified mail and by publication.

(5) Costs on appeal to the superior court, or to the appellate division, as the case may be, of the original transcript of testimony, if any, insofar as essential to the appeal.

(6) Fees for personal service and civil process and other sheriff's fees, as provided by law. Fees for personal service by a private process server may be recoverable in an amount equal to the actual cost of such service or fifty dollars ($50.00), whichever is less, unless the court finds that due to difficulty of service a greater amount is appropriate.

(7) Fees of guardians ad litem, referees, receivers, commissioners, surveyors, arbitrators, appraisers, and other similar court appointees, as provided by law. The fee of such appointees shall include reasonable reimbursement for stenographic assistance, when necessary.

(8) Fees of interpreters, when authorized and approved by the court.

(9) Premiums for surety bonds for prosecution, as authorized by G.S. 1-109.

N.C. Gen. Stat. § 7A-305(d) (2003). "The costs set forth in [§ 7A-305(d)] are complete and exclusive, and in lieu of any other costs and fees." N.C. Gen. Stat. § 7A-320 (2003). However, the trial court may, in its discretion, award additional costs pursuant to N.C. Gen. Stat. § 6-20 if the costs were "established by case law prior to the enactment of N.C. Gen. Stat. § 7A-320 in 1983." *Lord v. Customized Consulting Specialty, Inc.*, 164 N.C. App. 730, 734, 596 S.E.2d 891, 895 (2004) (citing *Department of Transp. v. Charlotte Area Mfd. Housing, Inc.*, 160 N.C. App. 461, 586 S.E.2d 780 (2003)). Thus, the trial court's authority to award costs is strictly limited to "those items (1) specifically enumerated in the statutes, or (2) recognized by existing common law." *Charlotte Area*, 160 N.C. App. at 468, 586 S.E.2d at 784.

In *Lord*, this Court outlined a three-step analysis to guide the determination of whether costs may be properly assessed.

> First, if the costs are items provided as costs under N.C. Gen. Stat. § 7A-305, then the trial court is required to assess these items as costs. Second, for items not costs under N.C. Gen. Stat. § 7A-305, it must be determined if they are "common law costs" under the rationale of *Charlotte Area*. Third, as to "common law costs" we must determine if the trial court abused its discretion in awarding or denying these costs under N.C. Gen. Stat. § 6-20.

164 N.C. App. at 734, 596 S.E.2d at 895. We now examine each cost assessed by the trial court in the instant case.

**Deposition Costs**

The trial court ordered plaintiff to pay deposition costs in the amount of $4,685.23. The trial court did not err in ordering plaintiff to pay this cost.

Deposition costs are not among the costs enumerated in N.C. Gen. Stat. § 7A-305(d). Thus, we must determine whether deposition costs are common law costs recognized prior to the 1983 enactment of N.C. Gen. Stat. § 7A-305. In *Dixon, Odom & Co. v. Sledge*, 59 N.C. App. 280, 296 S.E.2d 512 (1982), this Court held that deposition expenses are recoverable costs when awarded in the trial court's discretion under § 6-20.

> As a general rule, recoverable costs may include deposition expenses unless it appears that the depositions were unnecessary. 20 Am. Jur. 2d Costs § 56 (1965). Even though deposi-

tion expenses do not appear expressly in the statutes they may be considered as part of "costs" and taxed in the trial court's discretion. 59 N.C. App. at 286, 296 S.E.2d at 516. *See also Alsup v. Pittman,* 98 N.C. App. 389, 391, 390 S.E.2d 750, 752 (1990).

Deposition costs are within the category of "common law costs" permissible under § 6-20 because they were recognized in 1982 (prior to the enactment of N.C. Gen. Stat. § 7A-320) as an appropriate cost to be taxed in the trial court's discretion. *Dixon,* 59 N.C. App. at 286, 296 S.E.2d at 516; *Charlotte Area,* 160 N.C. App. at 468, 586 S.E.2d at 784. This Court will not disturb a trial court award of expenses related to depositions absent an abuse of discretion. *Lord,* 164 N.C. App. at 736, 596 S.E.2d at 895. "Abuse of discretion is shown only when the challenged actions are manifestly unsupported by reason." *Blankenship v. Town & Country Ford, Inc.,* 155 N.C. App. 161, 165, 574 S.E.2d 132, 134 (2002) (quotation and citation omitted). Plaintiff has failed to show that the trial court abused its discretion in awarding expenses associated with depositions. Consequently, we hold that the trial court did not err by ordering plaintiff to pay these costs.

## Costs for Obtaining Medical Records

The trial court also ordered plaintiff to pay defendants' expenses for obtaining copies of decedent's medical records, x-rays and CT scans in the amount of $2,153.31. The trial court erred in ordering plaintiff to pay the expenses.

Medical records are not among the costs enumerated in § 7A-305(d). Furthermore, our review of the relevant case law indicates that our courts have not heretofore recognized the cost of obtaining medical records as an expense taxable to a party under § 6-20.[1] Because there is no statutory or common law basis for ordering plaintiff to pay defendants' expenses for obtaining medical records, we conclude that the trial court erred by ordering plaintiff to pay these costs.

---

1. This Court has heard only one case dealing with an award of the cost of obtaining medical records, *Sealey v. Grine,* 115 N.C. App. 343, 444 S.E.2d 632 (1994). In *Sealey,* the cost of medical records was included in the cost of deposition expenses. This Court held that the deposition costs were permissible, but because "the record does not show that the $615.00 in expenses 'for copies of x-ray films' and $164.25 'for copies made of records' relates to depositions and because these costs are not enumerated in Section 7A-305(d), the trial court erred in taxing such costs against plaintiff." 115 N.C. App. at 348, 444 S.E.2d at 635.

MORGAN v. STEINER

[173 N.C. App. 577 (2005)]

## Mediation Costs

The trial court also ordered plaintiff to pay mediation costs in the amount of $634.30. The amount includes $100.97 paid by defendants for lunch during the mediated settlement conference. Plaintiff concedes the fee of the mediator is an expense authorized under N.C. Gen. Stat. § 7A-305(d)(7); however, plaintiff excepts to the assessment for the cost of the lunch defendants voluntarily provided during the conference. We conclude the trial court erred in ordering plaintiff to pay the cost of lunch.

Section 7A-305 (d)(7) provides that "[f]ees of guardians ad litem, referees, receivers, commissioners, surveyors, arbitrators, appraisers, and other similar court appointees, as provided by law" may be assessed or recovered as costs in civil actions. The statute further provides that "[t]he fee of such appointees shall include reasonable reimbursement for stenographic assistance, when necessary." The statute does not authorize the assessment of any costs associated with the services listed except for stenographic assistance.

Because the cost for the lunch defendants provided during the mediated settlement conference is not authorized by statute and defendant has not cited any case law authorizing the assessment of the expense for lunch, we hold the trial court erred in taxing plaintiff with the costs of the lunch defendants provided at the mediation settlement conference.

## Expert Witness Fees for Trial

The trial court also ordered plaintiff to pay costs for four of defendants' expert witnesses in the amount of $21,775.00. The trial court erred in taxing plaintiff with certain portions of defendants' expenses for expert witness fees.

Section 7A-305(d)(1) of the North Carolina General Statutes provides that witness fees are recoverable as provided by law. This provision is to be read in conjunction with § 7A-314, which governs fees for witnesses. *Lord,* 164 N.C. App. at 735, 596 S.E.2d at 895. Section 7A-314(a) provides for the payment of witnesses who are in attendance at trial pursuant to a subpoena. Section 7A-314(d) allows the court, in its discretion, to authorize the payment of fees for an expert in excess of the statutory amount authorized for lay witnesses in § 7A-314(a). *State v. Johnson,* 282 N.C. 1, 27-28, 191 S.E.2d 641, 658-59 (1972). Section 7A-314(e) provides as follows: "If more than two witnesses are subpoenaed, bound over, or recognized, to prove a

single material fact, the expense of the additional witnesses shall be borne by the party issuing or requesting the subpoena." Section 7A-314(e) modifies 314(d) to the extent that where there are more than two witnesses on the same point, the party issuing the subpoena is responsible for the costs associated with the third witness.

In the case *sub judice*, defendants seek expenses associated with four expert witnesses. All defense experts were under subpoena to testify at trial, although two of the experts never testified. Plaintiff argues that although Dr. Stirman did not testify at trial, if he had testified he would have been the third expert on the same point and therefore, the award of costs for expenses associated with Dr. Stirman was in error. We agree. Defendants concede that Drs. Godwin, Ely, and Stirman were subpoenaed to testify as to the same material fact. Section 7A-314(e) prohibits the award of costs for a third expert witness subpoenaed to prove a single material fact. Therefore, the trial court was not authorized to assess costs for the expert witness expenses associated with Dr. Stirman. We reverse the trial court's award of $6,762.50 for his expenses.

Plaintiff also contends the trial court erred in awarding defendants' expenses for Dr. Bays, an economist who attended the trial pursuant to subpoena and served as a consultant but never testified. We agree. The trial court awarded costs of $1,350.00 for "case review, research, estimation of discounted present values, revision of report and consultation" for Dr. Bays. There is no statutory authority for awarding costs for "case review, research, estimation of discounted present values, revision of report and consultation" and defendants have cited no common law authority for such an award. We reverse the trial court award of $1,350.00 for expenses for Dr. Bays.

The trial court awarded defendants $7,562.50 for expert witness fees for Dr. Godwin which includes $2,250.00 for reviewing records and consulting with defense counsel. Likewise, the trial court awarded a total of $6,100.00 for expert witness fees for Dr. Ely which includes expenses for records review and meeting with defense counsel in the amount of $4,100.00. There is no statutory or common law authority for the award for consulting with counsel and reviewing records. Therefore, the award of costs for expert witness fees must be modified to eliminate the award of costs for Drs. Stirman and Bays and costs for reviewing records and consultation with defense counsel for Drs. Godwin and Ely.

MORGAN v. STEINER

[173 N.C. App. 577 (2005)]

## Trial Exhibit Fees

The trial court also ordered plaintiff to pay defendants' trial exhibit fees in the amount of $1,835.03. The trial court erred by ordering plaintiff to pay these costs.

Trial exhibit fees are not among the costs enumerated in § 7A-305(d). Furthermore, there was no common law authority for the assessment of costs for trial exhibit fees prior to 1983. We recognize that since 1983, some cases from this Court have allowed the award of costs for trial exhibits. *See Estate of Smith v. Underwood*, 127 N.C. App. 1, 12-13, 487 S.E.2d 807, 814-15 (1997); *Lewis v. Setty*, 140 N.C. App. 536, 539-40, 537 S.E.2d 505, 507 (2000); *Coffman v. Roberson*, 153 N.C. App. 618, 629, 571 S.E.2d 255, 262 (2002). Other cases from this Court have not allowed the award of costs for trial exhibits. *See Charlotte Area*, 160 N.C. App. at 472, 586 S.E.2d at 786.

In *Charlotte Area*, this Court declined to follow *Smith*, *Lewis* and *Coffman* because the decisions were deemed inconsistent with *City of Charlotte v. McNeely*, 281 N.C. 684, 190 S.E.2d 179 (1972). In *McNeely*, our Supreme Court stated, "Costs in this state are entirely creatures of legislation, and without this they do not exist." 281 N.C. at 691, 190 S.E.2d at 185 (quotation and citation ommitted). We are bound to follow decisions of the Supreme Court until the Supreme Court rules otherwise. *Heatherly v. Industrial Health Council*, 130 N.C. App. 616, 621, 504 S.E.2d 102, 106 (1998).

Because there is neither a statutory basis for ordering plaintiff to pay trial exhibit fees nor a common law basis established prior to 1983 for ordering plaintiff to pay trial exhibit fees, we conclude that the trial court lacked discretion to tax plaintiff with the costs of defendants' trial exhibits.

We have reviewed all of plaintiff's assignments of error properly brought forward. For the reasons stated herein, we affirm the award of deposition costs and fees for the mediator to defendants. We affirm in part and reverse in part the award for expert witness fees. We reverse the award of costs for the lunch defendants provided during the mediated settlement conference, the cost of medical records and trial exhibit fees. We remand the matter to the trial court with instructions to modify the award of costs in accord with this opinion.

AFFIRMED in part, REVERSED in part and REMANDED.

Judges McCULLOUGH and STEELMAN concur.