NORMA L. MASSEY, Plaintiff
v.
PRIME INTERNAL MEDICINE, P.A.; VANDANA DEVALAPALLI, M.D., RALEIGH EMERGENCY MEDICINE ASSOCIATES, INC. and BRIAN S. QUIGLEY, M.D., Defendants
No. COA06-1408
Court of Appeals of North Carolina.
Filed August 7, 2007
This case not for publication
Hardison & Leone, L.L.P., by Kenneth L. Hardison; The Lederer Law Firm, by William M. Lederer, for plaintiff-appellant.
Walker, Allen, Grice, Ammons & Foy, L.L.P., by Jerry A. Allen, Jr. and O. Drew Grice, Jr., for defendant-appellees Prime Internal Medicine, P.A., and Vandana Devalapalli, M.D.
Crawford & Crawford, LLP, by Renee B. Crawford and Robert O. Crawford, III, for defendant-appellees Raleigh Emergency Medicine Associates, Inc. and Brian S. Quigley, M.D.
HUNTER, Judge.
Norma L. Massey ("plaintiff") appeals from an order granting costs, including both expert witness fees and deposition costs, to Prime Internal Medicine, P.A., Vandana Devalapalli, M.D., Raleigh Emergency Medicine Associates Inc., and Brian S. Quigley, M.D. (collectively, "defendants"). We reverse the order insofar as it grants expert witness costs, but affirm it to the extent that it grants deposition costs.
Plaintiff filed a medical malpractice suit against defendants on 25 November 2003. Defendants filed responsive pleadings and began discovery in connection with these claims. Plaintiff completed her deposing of defendants on 7 February 2005 and designated her expert witnesses on 8 April 2005. On 20 May 2005, the trial court set the case for trial beginning the week of 5 June 2006.
On 28 February 2006, before defendants were required to designate their own expert witnesses, plaintiff's attorney resigned from the law firm representing plaintiff. The firm did not have another attorney on staff able to represent plaintiff's medical malpractice claim, and so associated with another attorney to handle the trial. Feeling that he could not get up to speed on the case in time, plaintiff's new attorney made a motion for a continuance of the trial until October 2006. The trial court denied this motion. Plaintiff therefore filed a voluntary dismissal without prejudice on 22 May 2006.
On 24 and 31 May 2006, defendants made motions to tax plaintiff with the costs they had incurred in preparing a defense to this action. On 5 July 2006, the trial court ordered plaintiff to pay $11,831.92 in costs to defendants Prime Internal Medicine and Dr. Devalapalli: $5,114.15 for various deposition expenses; $1,312.50 in expert witness fees; and $5,175.00 in expert review fees. In the same order, the trial court ordered plaintiff to pay$12,442.62 in costs to defendants Dr. Quigley and Raleigh Emergency Medicine Associates: $5,337.69 for various deposition expenses; $5,825.00 in expert witness fees; and $1,279.93 in miscellaneous expenses (photocopying, mileage, postage, and mediation fee).[1] Plaintiff appeals.

I.
The trial court based its grant of costs on N.C. Gen. Stat. .. 7A-305(d) and 6-20 (2005), as well as Rule 41(d) of the North Carolina Rules of Civil Procedure. Rule 41(d) states the general rule that when a plaintiff takes a voluntary dismissal, he "shall be taxed with the costs of the action unless the action was brought in forma pauperis." N.C. Gen. Stat. § 1A-1, Rule 41(d) (2005). N.C. Gen. Stat. . 6-20 provides the court with a general power to award costs: "Costs may be allowed or not, in the discretion of the court, unless otherwise provided by law." Id. N.C. Gen. Stat. . 7A-305(d)(1) then enumerates specific costs that may be awarded: "The following expenses, when incurred, are also assessable or recoverable, as the case may be: . . . [w]itness fees, as provided by law." Id.

II.
We first address the awarding of deposition costs. Plaintiff argues that this award was not authorized under sections 6-20 and 7A-305. We disagree. In Morgan v. Steiner, 173 N.C. App. 577, 619 S.E.2d 516, disc. review denied, 360 N.C. 648, 636 S.E.2d 808 (2005), we allowed deposition costs, following the three-part test previously enumerated in Lord v. Customized Consulting Specialty, Inc., 164 N.C. App. 730, 596 S.E.2d 891 (2004):
First, if the costs are items provided as costs under N.C. Gen. Stat. § 7A-305, then the trial court is required to assess these items as costs. Second, for items not costs under N.C. Gen. Stat. § 7A-305, it must be determined if they are "common law costs" under the rationale of [Department of Transp. v.] Charlotte Area [Mfd. Housing, Inc., 160 N.C. App. 461, 586 S.E.2d 780 (2003)]. Third, as to "common law costs" we must determine if the trial court abused its discretion in awarding or denying these costs under N.C. Gen. Stat. § 6-20.
Lord, 164 N.C. App. at 734, 596 S.E.2d at 895 (quoted in Morgan, 173 N.C. App. at 581, 619 S.E.2d at 519). In applying these factors in Morgan, we noted that while deposition costs are not specifically enumerated in section 7A-305, they were common law costs awardable under section 6-20, and as such the question before us was whether the trial court abused its discretion in awarding them.[2]Morgan, 173 N.C. App. at 581-82, 619 S.E.2d at 519-20. Plaintiff argues that the trial court did abuse its discretion in awarding these costs for two reasons: First, plaintiff intends to re-file her suit as soon as possible, and second, plaintiff was forced to take the voluntary dismissal because her attorney resigned within a few months of her trial and the court denied her motion to continue the trial. We disagree.
As to the first, the rule allowing a plaintiff to file a voluntary dismissal without prejudice  Rule 41(a) of the North Carolina Rules of Civil Procedure  exists so that plaintiffs unprepared for trial may withdraw the action and renew it when they are so prepared. That rule states that, unless otherwise stated, "the dismissal is without prejudice." N.C. Gen. Stat. § 1A-1, Rule 41(a). The same rule  Rule 41(d)  mandates the award of costs in any case of voluntary dismissal: "A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action unless the action was brought in forma pauperis." N.C. Gen. Stat. § 1A-1, Rule 41(d) (emphasis added); see also Lincoln v. Bueche, 166 N.C. App. 150, 153, 601 S.E.2d 237, 241 (2004). The rule does not distinguish between types of voluntary dismissal, nor does it state that this rule is suspended where plaintiff intends to reinstate the suit. Plaintiff cites to no case law that supports such an interpretation of the Rule, and neither the plain language nor the construction of the Rule support it. This argument is therefore without merit.
Plaintiff's second argument regarding the withdrawal of her attorney is also without merit. On 20 May 2005, the trial court set the case for trial starting the week of 5 June 2006, more than twelve months later. Plaintiff's counsel withdrew on 28 February 2006. Thus, for nine months, plaintiff's counsel was presumably preparing for trial. Plaintiff also notes that defendants failed to identify their expert witnesses, but per the record, all expert witnesses  plaintiff's and defendants'  were identified before the end of March 2006. While the trial court would have been within its rights to consider the circumstances of which plaintiff complains as mitigating factors in awarding costs, we cannot say that the trial court's failure to do so was manifestly unsupported by reason, and therefore constitutes abuse of discretion. We therefore overrule this assignment of error.
Because it does not appear on the record before us that the trial court abused its discretion in making this award, we affirm the court's order insofar as it concerns the awarding of deposition costs.

III.
Finally, plaintiff argues that the trial court erroneously awarded costs to defendants for expert witness fees. We agree. Witness fees are one of the enumerated costs allowed by N.C. Gen. Stat. § 7A-305(d), which authorizes the awarding of "[w]itness fees, as provided by law." Id. N.C. Gen. Stat. § 7A-314(a) (2005) is the law providing for such awards, but includes only "witness[es] under subpoena, bound over, or recognized[.]" Id. This Court applies the statute to reverse such awards where no subpoena existed. "Unless an expert witness is subpoenaed, . . . the witness' fees are not generally recognized as costs." Wade v. Wade, 72 N.C. App. 372, 384, 325 S.E.2d 260, 271, disc. review denied, 313 N.C. 612, 330 S.E.2d 616 (1985); see also Lord, 164 N.C. App. at 735, 596 S.E.2d at 895 ("[t]he trial court was empowered to award witness fees only where the witness was under subpoena").
Defendants argue that the awarding of these costs was valid under the trial court's general discretionary power to award costs per N.C. Gen. Stat. § 6-20. This argument is without merit. "'When a more generally applicable statute conflicts with a more specific, special statute, the "special statute is viewed as an exception to the provisions of the general statute[.]"'" Taylor v. Robinson, 131 N.C. App. 337, 338, 508 S.E.2d 289, 291 (1998) (quoting Domestic Electric Service, Inc. v. City of Rocky Mount, 20 N.C. App. 347, 350, 201 S.E.2d 508, 510 (1974)). As mentioned above, N.C. Gen. Stat. § 7A-314(a) specifically authorizes the court to order the payment of expert witness fees, but includes only "witness[es] under subpoena, bound over, or recognized[.]" Id. This more specific statute is controlling and, therefore,limits the trial court's general discretionary power under N.C. Gen. Stat. § 6-20 to award costs in this situation.
As plaintiff correctly notes and defendants do not dispute, the record before us contains no evidence that subpoenas were ever issued to the expert witnesses in question. Thus, we find that the court was in error in awarding witness fees where no subpoena was issued.
The record provides us with the data to separate out those witness fees. The list of costs submitted to the court by defendants Prime Internal Medicine and Dr. Devalapalli identifies certain costs totaling $1,312.50 as "expert fees" and identifies certain others totaling $5,175.00 as "expert review" fees. The costs submitted by defendants Raleigh Emergency Medicine Associates and Dr. Quigley has costs totaling $5,825.00 labeled "expert witness fees." In Lord, this Court considered both "expert fees" and "expert review fees" to be part of the general term "experts' fees," and found that the trial court had incorrectly awarded them when no subpoena had been issued to the experts in question. Lord, 164 N.C. App. at 735, 596 S.E.2d at 895 ("[t]he fees sought to be taxed as costs were for the review and analysis of the case, and the preparation of a report").
Therefore, we reverse the order of the trial court insofar as it orders the payment of witness fees in the amount of $6,487.50 to defendants Prime Internal Medicine and Dr. Devalapalli and $5,825.00 to defendants Raleigh Emergency Medicine Associates and Dr. Quigley.

IV.
Because we find that deposition costs were properly awarded pursuant to sections 6-20 and 7A-305, we affirm the trial court's order as to those costs. However, because we find that the witness fees were improperly awarded where no subpoenas were issued, we reverse the trial court's order as to those costs.
Affirmed in part, reversed in part.
Judges ELMORE and GEER concur.
Report per Rule 30(e).
NOTES
[1] Plaintiff makes no arguments as to the miscellaneous costs.
[2] We note that this Court has interpreted sections 6-20 and 7A-305 together as to the awarding of deposition costs on numerous occasions with conflicting results. See Charlotte Area, 160 N.C. App. at 466-68, 586 S.E.2d at 783-84 (summarizing the two conflicting lines of cases). Cf. Morgan v. Steiner, 173 N.C. App. at 582, 619 S.E.2d at 519 ("[d]eposition costs are within the category of 'common law costs' permissible under § 6-20"); Oakes v. Wooten, 173 N.C. App. 506, 520, 620 S.E.2d 39, 48 (2005) ("the trial court erred in awarding numerous costs not authorized by N.C. Gen. Stat. . 7A-305 [including] deposition costs"); Handex of the Carolinas, Inc. v. County of Haywood, 168 N.C. App. 1, 13, 607 S.E.2d 25, 33 (2005) ("[w]e find no statutory authority for the award of deposition costs").

Thus, we have a wealth of precedent but no clear resolution. However, we note that, unlike the instant case, all of the cases mentioned above involved parties suing for costs after the successful completion of litigation. The one exception is Lord, the case from which Morgan took its three-part test: Lord specifically addresses the awarding of costs after a voluntary dismissal without prejudice pursuant to Rule 41. See Lord, 164 N.C. App. at 735-36, 596 S.E.2d at 895. As such, we utilize the reasoning of that opinion and hold that the only question before us is whether the trial court abused its discretion in awarding the deposition-related costs. See id.