Gay v. Peoples Bank, 2016 NCBC 68.

STATE OF NORTH CAROLINA

LINCOLN COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
13 CVS 383

JOSEPH LEE GAY, Individually and
on Behalf of All Persons Similarly
Situated,

      Plaintiff,

v.

PEOPLES BANK,

      Defendant.

ORDER AND OPINION ON
DEFENDANT'S MOTION
TO RECOVER COSTS
UNDER RULE 68

1.    **THIS MATTER** is before the Court upon Defendant Peoples Bank's ("Defendant" or "Bank") Motion to Recover Costs from Plaintiff Joseph Lee Gay ("Plaintiff") pursuant to Rule 68 of the North Carolina Rules of Civil Procedure (the "Motion") in the above-captioned case. Having considered the Motion, the briefs in support of and in opposition to the Motion, and appropriate evidence of record, the Court hereby **GRANTS** the Motion.[1]

> *Squitieri & Fearon, LLP, by Stephen J. Fearon, Jr., Sigmon, Clark, Mackie, Hanvey & Ferrell, P.A., by Amber R. Mueggenburg, and Greg Coleman Law PC, by Greg Coleman, for Plaintiff Joseph Lee Gay.*
>
> *Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, by Daniel F. E. Smith and Reid L. Phillips, for Defendant Peoples Bank.*

Bledsoe, Judge.

[1] Pursuant to Rule 15.4 of the General Rules of Practice and Procedure for the North Carolina Business Court, and with the parties' consent, the Court elects to consider and decide the Motion without oral argument.

## I.

## INTRODUCTION AND BACKGROUND

2.     Plaintiff initiated this lawsuit by filing a Class Action Complaint on March 25, 2013, asserting claims against Defendant for breach of contract, breach of the covenant of good faith and fair dealing, conversion, unjust enrichment, and unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1.

3.     Plaintiff's claims arose out of multiple overdraft fees incurred by Plaintiff as a result of Defendant's high-to-low posting of ATM and one-time, non-recurring, debit card transactions, which Plaintiff alleged Defendant did not properly disclose in Defendant's effort to derive excessive overdraft fees at the expense of Plaintiff and other Bank customers.  Plaintiff contended Defendant manipulated the order and timing in which Plaintiff's debit charges were processed to charge overdraft fees on accounts that were not actually overdrawn.  Plaintiff further asserted Defendant took these actions without notice to, and in violation of Defendant's contractual obligations to, its customers.

4.     After lengthy discovery and motions practice, on October 24, 2014, Defendant moved for summary judgment on Plaintiff's claims (the "Summary Judgment Motion").  On October 29, 2014, Defendant also served Plaintiff with an Offer of Judgment under Rule 68 of the North Carolina Rules of Civil Procedure in the amount of $5,001.00, including all costs, interest, and attorney's fees accrued to that date (the "Offer of Judgment").  Plaintiff declined to accept the Offer of

Judgment within ten days; therefore, under the plain language of Rule 68, the Offer was deemed withdrawn.

5. On June 10, 2015, this Court granted Defendant's Summary Judgment Motion, and dismissed Plaintiff's claims with prejudice (the "Summary Judgment Order"). On June 29, 2015, Defendant filed the present Motion. On July 2, 2015, Plaintiff filed a notice of appeal of the Summary Judgment Order to the North Carolina Court of Appeals. The Court thereafter stayed consideration of Defendant's Motion during the pendency of Plaintiff's appeal.

6. On May 3, 2016, the Court of Appeals affirmed the Summary Judgment Order. *See Gay v. Peoples Bank*, No. COA 15-1103, 2016 N.C. App. LEXIS 493 (N.C. Ct. App. 2016) (unpublished).

7. On June 16, 2016, the Court dissolved the stay, and the parties completed briefing on the Motion. The Motion is now ripe for resolution.

II.

ANALYSIS

A. Rule 68

8. Defendant's Motion seeks an order requiring Plaintiff to pay the costs Defendant incurred after Plaintiff was served with Defendant's Offer of Judgment under Rule 68.

9. Rule 68 provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10

days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted within 10 days after its service shall be deemed withdrawn and evidence of the offer is not admissible except in a proceeding to determine costs. *If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.* The fact that an offer is made but not accepted does not preclude a subsequent offer.

N.C. R. Civ. P. 68 (emphasis added). The purpose of Rule 68 is to "encourage settlements and avoid protracted litigation." *Estate of Wells v. Toms*, 129 N.C. App. 413, 416, 500 S.E.2d 105, 107 (1998). "The offer operates to save the defendant the costs from the time of that offer if the plaintiff ultimately obtains a judgment for less than the sum offered." *Scallon v. Hooper*, 58 N.C. App. 551, 554, 293 S.E.2d 843, 844 (1982).

10.     Defendant argues that because (i) it tendered an offer of judgment more than ten days in advance of trial, (ii) Plaintiff rejected the offer of judgment such that it was deemed withdrawn, and (iii) this Court's entry of summary judgment in favor of Defendant was a judgment "not more favorable than the offer," the Court should award Defendant the costs it incurred after making the offer by operation of Rule 68. Plaintiff argues in opposition that Rule 68 does not require a plaintiff to pay a defendant's costs where, as here, the defendant-offeror, rather than the plaintiff-offeree, obtained a judgment in its favor.

11.     Contrary to Plaintiff's contention, however, the North Carolina appellate courts have held that Rule 68 applies to permit an award of costs where a defendant succeeds in its defense and not simply where a plaintiff obtains a judgment less

favorable than the defendant's offer. For example, in *Griffis v. Lazarovich*, 164 N.C. App. 329, 595 S.E.2d 797 (2004), the defendant made an offer of judgment to the plaintiff in the amount of $500, the plaintiff did not accept the offer, and the jury later found that the plaintiff was not injured by the negligence of the defendant. The Court therefore entered judgment in favor of the defendant. Faced with these facts on appeal, the Court of Appeals held that "Rule 68 *required* the trial court to tax plaintiff with the [defendant's] costs of proceeding with trial after plaintiff rejected th[e] offer and received a less favorable result at trial." *Id.* at 335, 595 S.E.2d at 802 (emphasis in original).

12.     Similarly, in *Morgan v. Steiner*, 173 N.C. App. 577, 619 S.E.2d 516 (2005), the defendant extended an offer of judgment to the plaintiff, which the plaintiff did not accept, and after the defendant prevailed at trial, defendant filed a motion for costs under Rule 68. Although not analyzed in depth, in affirming the trial court's order requiring the plaintiff to pay the defendant's costs in accordance with Rule 68, the Court of Appeals upheld the use of Rule 68 to permit an award of costs to the prevailing defendant in that case. *Id.* at 579, 619 S.E.2d at 518.

13.     In seeking to avoid the result compelled by these North Carolina decisions, Plaintiff argues that this Court should be guided instead by the United States Supreme Court's decision in *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981), holding that the cost-shifting mandate in the similarly-worded Rule 68 of the Federal Rules of Civil Procedure does not apply where, as here, the defendant obtains a judgment in his favor. In that case, the defendant offered the plaintiff

$450 to settle the plaintiff's claims, and the plaintiff rejected the offer. After the jury returned a verdict in favor of the defendant, the defendant moved under Federal Rule 68 for costs incurred after the settlement offer was tendered.

14. Federal Rule 68 provides, in relevant part, that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). The issue before the Supreme Court in *Delta Air Lines* was "whether the words 'judgment finally obtained by the offeree' as used in that Rule should be construed to encompass a judgment *against* the offeree as well as a judgment *in favor of* the offeree." *Delta Air Lines*, 450 U.S. at 348. The Court concluded that Federal Rule 68 only applies "to judgments obtained by the plaintiff" in amounts less than the unaccepted offer and not where a defendant prevails in his defense. *Id.* at 352.

15. As an initial matter, the Court observes that although "[d]ecisions under the federal rules are . . . pertinent for guidance and enlightenment in developing the philosophy of the North Carolina rules," *Turner v. Duke Univ.*, 325 N.C. 152, 164, 381 S.E.2d 706, 713 (1989), federal decisions are not binding on this Court or any North Carolina court interpreting a question solely of state law. *See Virmani v. Presbyterian Health Servs. Corp.*, 350 N.C. 449, 465, 515 S.E.2d 675, 686 (1999). Thus, because the proper interpretation of N.C. R. Civ. P. 68 is a matter solely of North Carolina state law, the United States Supreme Court's holding in *Delta Air Lines* is not binding on this Court.

16. In any event, the Supreme Court rested its holding in *Delta Air Lines* on its interpretation of Rule 54(d) of the Federal Rules of Civil Procedure, which allows a prevailing party after judgment to recover costs unless the trial court otherwise directs. The Supreme Court concluded that if Federal Rule 68 was interpreted to apply to judgments obtained by defendants, it would "operate[] to deprive the district judge of the discretion vested in him by Rule 54(d)." *Delta Air Lines*, 450 U.S. at 353. The North Carolina Rules of Civil Procedure, however, do not contain a cost-recovery rule similar to Federal Rule 54(d), and the Court fails to see how the trial court's discretion under any North Carolina statute permitting cost recovery will be impaired should Rule 68 apply to judgments obtained by defendants.

17. Moreover, although the North Carolina appellate courts have cited *Delta Air Lines* in interpreting N.C. R. Civ. P. 68 on two occasions, our courts have never relied upon or elected to follow *Delta Air Lines* to embrace the proposition that Plaintiff urges the Court to adopt here. *See Purdy v. Brown*, 307 N.C. 93, 96, 296 S.E.2d 459, 462 (1982) (citing *Delta Air Lines* concerning attorney's fees as costs under Rule 68); *Aikens v. Ludlum*, 113 N.C. App. 823, 825, 440 S.E.2d 319, 321 (1994) (citing Justice Powell's concurrence in *Delta Air Lines* concerning lump sum offers under Rule 68). Thus, the Court concludes that even if the North Carolina appellate courts had not squarely addressed the issue, the United States Supreme Court's holding in *Delta Air Lines* concerning Federal Rule 68 is of limited persuasive force.

18.     Accordingly, the Court declines to follow *Delta Air Lines* and concludes that prior North Carolina appellate decisions, including *Griffis* and *Morgan*, *supra*, control the proper interpretation of N.C. R. Civ. P. 68 in these circumstances. The Court notes that courts in other states have similarly declined to follow *Delta Air Lines* when interpreting their state's Federal Rule 68-equivalent. *See, e.g., Kellis v. Crites*, 20 P.3d 1112 (Alaska 2001); *Greenwald v. Ford Motor Co.*, 993 P.2d 1087 (Ariz. Ct. App. 1999); *Thompson v. Miller*, 4 Cal. Rptr. 3d 905 (Cal. Ct. App. 2003); *Jorgensen v. Heinz*, 847 P.2d 181 (Colo. App.1992); *Paull v. Coughlin*, 466 A.2d 347 (Conn. Super. Ct. 1983); *Timmons v. Combs*, 608 So.2d 1 (Fla. 1992); *Divine v. Groshong*, 679 P.2d 700 (Kan. 1984); *Luidens v. 63d Dist. Court*, 555 N.W.2d 709 (Mich. Ct. App. 1996); *Schwartz v. Estate of Greenspun*, 881 P.2d 638 (Nev. 1994); *Fuller v. Pacheco*, 21 P.3d 74 (Okla. Civ. App. 2001); *Cole v. Clifton*, 833 S.W.2d 75 (Tenn. Ct. App. 1992).

B.     Amount of Costs

19.     Defendant seeks to recover costs in the amount of $5,780.88 as follows: (1) $4,380.88 for costs associated with the transcription of depositions and (2) $1,400.00 for the mediator's fee from the court-ordered mediation.

20.     Plaintiff does not dispute the amount of the costs to be awarded or Defendant's entitlement to deposition and mediation costs in the event that the Court concludes, as it has, that Defendant is entitled to payment of its costs under Rule 68. Indeed, N.C. Gen. Stat. § 7A-305(d) specifically provides that recoverable costs include "[f]ees of mediators appointed by the court" and "[r]easonable and

necessary expenses . . . for the costs of deposition transcripts," § 7A-305(d)(7), (10), which are the specific costs Defendant seeks to recover here. Accordingly, the Court concludes that Defendant is entitled to recover costs in the amount of $5,780.88.

## III.

## CONCLUSION

21.     Based on the foregoing, the Court concludes that because Plaintiff did not obtain a judgment that was more favorable than Defendant's offer, N.C. R. Civ. P. 68 requires that Plaintiff pay Defendant's costs incurred after Defendant made its offer.

22.     **WHEREFORE**, the Court hereby **GRANTS** Defendant's Motion and **ORDERS** that Plaintiff shall pay Defendant's costs in the amount of $5,780.88, such payment to be made within forty-five (45) days of the entry of this Order.

**SO ORDERED**, this the 16th day of September, 2016.


/s/ Louis A. Bledsoe, III
Special Superior Court Judge
 for Complex Business Cases