BRANDENBURG LAND CO. v. CHAMPION INTERNATIONAL CORP.

[107 N.C. App. 102 (1992)]

BRANDENBURG LAND COMPANY, a Corporation, Plaintiff v. CHAMPION INTERNATIONAL CORPORATION, a Corporation, Defendant

No. 914SC727

(Filed 21 July 1992)

**Costs § 40 (NCI4th)— documents supporting summary judgment— voluntary dismissal before trial calendared—expert witness fee**

An expert's fee for the preparation of documents used to support defendant's motion for summary judgment may not be taxed as a cost to a plaintiff who takes a voluntary dismissal after the motion for summary judgment was filed but before the case was calendared for trial, since expert witness fees are not recognized as costs unless the expert has been subpoenaed. N.C.G.S. § 7A-314.

**Am Jur 2d, Costs §§ 14 et seq., 65; Expert and Opinion Evidence § 25.**

APPEAL by plaintiff from an order entered 18 April 1991 by *Judge J. Herbert Small* in JONES County Superior Court. Heard in the Court of Appeals 14 May 1992.

*Henderson, Baxter & Alford, by B. Hunt Baxter, Jr., for plaintiff-appellant.*

*Ward and Smith, by Kenneth R. Wooten and Cheryl A. Marteney, for defendant-appellee.*

LEWIS, Judge.

The issue in this case is whether an expert's fee for the preparation of documents used to support defendant's motion for summary judgment can be taxed as a cost to a plaintiff who takes a voluntary dismissal after the motion for summary judgment has been filed, but before calendaring.

On 12 April 1979, plaintiff filed suit against defendant to remove a cloud upon its title to four tracts of land claimed by both parties. For nearly twelve years, negotiations continued in an attempt to settle out of court. During this period, there were illnesses, deaths, and changes of counsel on both sides. In January 1991, negotiations broke down and defendant soon afterward filed a motion for summary judgment. In support of its motion for summary judgment,

BRANDENBURG LAND CO. v. CHAMPION INTERNATIONAL CORP.

[107 N.C. App. 102 (1992)]

defendant filed a voluminous affidavit prepared by an expert witness. The affidavit and accompanying text documented defendant's chain of title to its twenty-five tracts of land which are alleged to overlap the four tracts in question.

In this affidavit, defendant's expert, an attorney experienced in the examination and certification of real property titles, concluded that defendant or its predecessors-in-title acquired an estate, as defined by the North Carolina Real Property Marketable Title Act in each of the twenty-five tracts, more than thirty years prior to the date the action was filed. The expert's fee was $3000.00. Plaintiff took a voluntary dismissal without prejudice on 25 March 1991, before the case was calendared for trial. Defendant filed a motion for costs on 28 March 1991. On 18 April 1991, the trial court granted defendant's motion and taxed plaintiff with the expert's fee as part of the costs. Plaintiff appeals.

A plaintiff may take a voluntary dismissal at any time prior to resting his or her case. N.C.R. Civ. P. Rule 41(a)(1) (1990). "A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the *costs* of the action unless the action was brought in forma pauperis." N.C.R. Civ. P. Rule 41(d) (1990) (emphasis added). "At common law neither party recovered costs in a civil action and each party paid his own witnesses." *City of Charlotte v. McNeely*, 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972) (citation omitted). "The court's power to tax costs is entirely dependent upon statutory authorization." *State v. Johnson*, 282 N.C. 1, 27, 191 S.E.2d 641, 658 (1972) (citing *McNeely*). "Since the right to tax costs did not exist at common law and costs are considered penal in their nature, '[s]tatutes relating to costs are *strictly construed.'*" *McNeely*, 281 N.C. at 692, 190 S.E.2d at 186 (citation omitted) (emphasis added). Costs are not granted upon "'mere equitable or moral grounds.'" *Id.*, at 691, 190 S.E.2d at 185 (citation omitted).

The statutes governing the imposition of costs are N.C.G.S. §§ 6-20 and 7A-314. When not otherwise provided for by law, costs may be imposed in the discretion of the court. N.C.G.S. § 6-20 (1986). The decision to tax costs is not reviewable absent an abuse of discretion. *Chriscoe v. Chriscoe*, 268 N.C. 554, 151 S.E.2d 33 (1966). The statute specifically provides for witness fees:

(a) A witness *under subpoena*, bound over, or recognized, . . ., shall be entitled to receive five dollars ($5.00) per day,

or fraction thereof, during his attendance, which, . . ., must be certified to the clerk of superior court.

(d) An expert witness, . . ., shall receive such compensation and allowances as the court, or the Judicial Standards Commission, in its discretion, may authorize. . ·. .

(e) If more than two witnesses are *subpoenaed*, bound over, or recognized, to prove a single material fact, the expense of the additional witnesses shall be borne by the party issuing or requesting the *subpoena.*

N.C.G.S. § 7A-314 (1989) (emphases added).

Section (a)'s language "subpoenaed, bound over or recognized" is not read in the alternative. *Craven v. Chambers*, 56 N.C. App. 151, 287 S.E.2d 905 (1982), *overruled on other grounds, Johnson v. Ruark Obstetrics and Gynecology Assoc.*, 327 N.C. 283, 395 S.E.2d 85 (1990). Only witnesses who have been subpoenaed may be compensated. *State v. Johnson*, 282 N.C. 1, 27, 191 S.E.2d 641, 659 (1972). "Sections (a) and (d) must be considered together." *Id.* "Section (d) modifies Section (a) by permitting the court, in its discretion, to increase [expert witness'] compensation and allowances. The modification relates only to the amount of an expert witness' fee; *it does not abrogate the requirement that all witnesses must be subpoenaed before they are entitled to compensation.*" *Id.* at 27-28, 191 S.E.2d at 659 (emphasis added). Expert witness fees are "not generally recognized as costs" unless the expert has been subpoenaed. *Wade v. Wade*, 72 N.C. App. 372, 384, 325 S.E.2d 260, 271, *disc. rev. denied*, 313 N.C. 612, 330 S.E.2d 616 (1985) (citing *State v. Johnson*, 282 N.C. 1, 191 S.E.2d 641 (1972)) (the *Wade* court vacated the trial court's award of costs of appraisals incurred to prove the value of assets in an equitable distribution action because the witnesses had not been subpoenaed).

There is no case on point. All of the decisions reported refer to awards of costs after the case had been calendared for and indeed had gone to trial. Defendant argues that Rule 41(d) which is designed to " 'prevent vexatious suits made possible by the ease with which a plaintiff may dismiss [his suit],' " *Alsup v. Pitman*, 98 N.C. App. 389, 390, 390 S.E.2d 750, 751 (1990) (citation omitted), combined with the discretionary nature with which a trial judge may award costs, N.C.G.S. § 6-20, provide a statutory basis for taxing costs where plaintiff takes a voluntary dismissal prior to

**BRANDENBURG LAND CO. v. CHAMPION INTERNATIONAL CORP.**

[107 N.C. App. 102 (1992)]

trial. Defendant points also to precedent which permits the award of fees for experts who do not testify. *City of Charlotte v. McNeely,* 281 N.C. 684, 694, 190 S.E.2d 179, 187 (1972) ("expert witness fees can be taxed against an adverse party only when the testimony of the witness examined (or tendered) was (or would have been) material and competent").

Defendant cites *Henderson v. Williams,* 120 N.C. 339, 27 S.E. 30 (1897) for the proposition that the cost of witnesses who are "available and present and prepared to testify" may be taxed as costs when their testimony is rendered unnecessary by the plaintiff's voluntary dismissal. When *Henderson* was decided the law provided that the costs of witnesses could be taxed against the losing party if the witnesses were subpoenaed and examined or tendered. In *Henderson,* the trial court called the case and plaintiff took a voluntary nonsuit in open court. The clerk of court taxed plaintiff with the costs of defendant's witnesses. Plaintiff appealed the clerk's entry of costs because defendant's witnesses had not been sworn, examined or tendered. *Id.* at 340, 27 S.E. at 30. The trial court agreed and ordered that "no witnesses *subpoenaed* by the defendants [ ] be taxed against the plaintiff, except those who were sworn, examined or tendered." *Id.* (emphasis added). Our Supreme Court reversed because defendant "had *no opportunity* to swear, examine or tender his witnesses by reason of the nonsuit." *Id.* at 340-41, 27 S.E. at 30 (citation omitted) (emphasis added).

We assume, though the opinion does not so reflect, that defendant's witnesses in *Henderson* had been subpoenaed as the trial court order specifically denies an award of costs of unsubpoenaed witnesses. Further, our Supreme Court indicated that defendant's witnesses were "properly . . . present." *Henderson,* 120 N.C. at 340, 27 S.E. at 30. As such, the *Henderson* Court decided the significance of the "examined or tendered" requirement, not the issue at bar. It is clear that a good case exists here for the persuasive effects of the expert witness' affidavit. Considering that discovery procedures are increasingly important in legal proceedings, the Legislature may well reconsider the question. Query, would an expert subpoenaed for a deposition qualify under the circumstances of this case? Defendant's reliance upon *Henderson* is misplaced. We are bound by *State v. Johnson.*

Reversed.

Judges WYNN and WALKER concur.