MANDY WRIGHT HOLTMAN, Plaintiff v. KATHY MORGAN REESE AND DURHAM TAXICAB ASSOCIATION, Defendants

No. COA94-1032

(Filed 15 August 1995)

**1. Damages § 166 (NCI4th)— doctrine of peculiar suscepti-bility and aggravation of preexisting condition—instruc-tion proper**

In an action to recover for personal injuries sustained in an automobile accident, the trial court did not err in instructing the jury on the doctrine of peculiar susceptibility and aggravation of a preexisting condition based on the testimony of a chiropractor who had treated plaintiff over a seven-year-period for various ail-ments, including injuries allegedly sustained in three other auto-mobile accidents.

**Am Jur 2d, Damages § 997.**

**2. Damages § 161 (NCI4th)— avoidable consequences—instruction proper**

In an action to recover for personal injuries sustained in an automobile accident, the trial court did not err in charging the jury on the doctrine of avoidable consequences, since, given plaintiff's medical history and the recommendations of her chiro-practor, the evidence supported an instruction on whether plaintiff's participation in vigorous physical activities was inap-propriate and unreasonable.

**Am Jur 2d, Damages §§ 980, 981.**

**3. Costs § 40 (NCI4th)— witness not subpoenaed—witness fees not awarded as matter of law—no error**

The trial court properly denied, as a matter of law, defend-ants' motion for an assessment of witness fees incurred in the deposition of plaintiff's chiropractor who had not been sub-poenaed. N.C.G.S. § 7A-314.

**Am Jur 2d, Costs § 65.**

Appeal by plaintiff from judgment signed 13 June 1994 and filed 14 June 1994 and from order signed 27 June 1994 and filed 15 July 1994 by Judge Henry V. Barnette, Jr., in Wake County Superior Court, and appeal by defendants from order signed 27 June 1994 and filed 15

July 1994 by Judge Barnette. Heard in the Court of Appeals 24 May 1995.

*E. Gregory Stott for plaintiff.*

*Newsom, Graham, Hedrick, Kennon & Cheek, P.A., by Joel M. Craig, for defendants.*

LEWIS, Judge.

Plaintiff brought this action to recover for personal injuries allegedly sustained in an automobile accident with defendant Reese (hereinafter "Reese"). From a jury verdict in favor of defendants and from an order denying their post-trial motions, plaintiff appeals. Defendants' motion for taxation of costs was denied in part, and from that order defendants appeal.

On the morning of Friday, 20 September 1991, Reese drove a taxicab titled in the name of defendant Durham Taxicab Association, Inc. diagonally across a shopping center parking lot and into plaintiff's lane. The front bumper of plaintiff's vehicle collided with the right front wheel area of the taxicab at a speed estimated by the responding patrolman to be two (2) miles per hour. After the collision, plaintiff was able to exit her car, berate Reese for her driving, call the police, converse with the officer, and drive on to work.

Later that day, plaintiff alleged pain and stiffness in her neck, and scheduled an appointment with her regular chiropractor, Jack Gorlesky (hereinafter "Gorlesky"). Plaintiff had begun seeing Gorlesky in 1983 for sinus headaches and back pain. Plaintiff was involved in automobile accidents in November of 1984 and June of 1985, and Gorlesky had seen her no fewer than 123 times by October of 1986 for treatment related to those accidents. Plaintiff continued to see Gorlesky following yet another automobile accident in November of 1988, and had visited him as recently as June of 1991 prior to the subject accident that September. After seeing Gorlesky following her latest collision, plaintiff underwent an examination with Dr. Stephen Montgomery of Raleigh Orthopaedic Clinic upon defendants' request, some eleven days after the 1991 accident. Interestingly, she denied having any significant previous medical history, reported no prior episodes of back pain, displayed full range of motion in her neck and back, walked with a normal gait, and was able to touch the floor with her fingers during this visit. Plaintiff's treatments with the chiropractor after her latest accident continued over the nearly three years that

led up to the trial, for which plaintiff incurred expenses of approximately $5000.00.

After plaintiff's first accident, Gorlesky described her prognosis as "guarded" and stated that "this traumatically induced weakening of the supporting soft tissue structure will predispose these areas to post-traumatic pathology." Following plaintiff's second accident, Gorlesky deemed her prognosis "poor," stated that "a permanent conditioning has resulted," and predicted "a chronic course with infrequent acute episodes that are directly proportional to her level of activity" with "early diskal/joint degeneration with surgical intervention likely at some future date." Gorlesky informed plaintiff's attorney after the 1991 accident that her previous accidents and injuries "greatly complicated the present prognosis, which is poor," and likened soft tissue injuries in the neck to "a bruised apple in that they can never be returned to their original state after injury." Further comments by Gorlesky are addressed where relevant later in this opinion.

The trial court instructed the jury that although defendants stipulated that Reese's negligence caused the 1991 collision, plaintiff still had the burden of proving that Reese's negligence was the proximate cause of plaintiff's injury. The court then charged the jury in accordance with the Pattern Jury Instructions on Multiple Causes (N.C.P.I. Civil 102.19) and Peculiar Susceptibility and Aggravation (N.C.P.I. Civil 102.20(A) and (C), since incorporated as one instruction, N.C.P.I. Civil 102.20). The jury found that Reese's negligence had not proximately caused any injury to plaintiff, and the court entered judgment on the verdict. Following a denial of plaintiff's post-trial motions, plaintiff now makes six assignments of error, and defendants appeal from a partial denial of their post-trial motion for costs.

PLAINTIFF'S APPEAL

[1] Plaintiff's first argument as appellant is that the trial court erred by instructing the jury on the doctrine of peculiar susceptibility and aggravation of a pre-existing condition. Our Supreme Court adopted the doctrine of peculiar susceptibility in *Lockwood v. McCaskill*, 262 N.C. 663, 670, 138 S.E.2d 541, 546 (1964), recognizing that a defendant whose negligent act would not have resulted in any injury to an ordinary person will not be liable for its consequences to one of peculiar susceptibility. As for aggravation, our case law indicates that where a pre-existing mental or physical condition is aggravated or enhanced by a defendant's negligence, the defendant is liable only to the extent

that the underlying condition is enhanced and not for damages attributable to the original condition. *See Potts v. Howser*, 274 N.C. 49, 54, 161 S.E.2d 737, 742 (1968).

Central to plaintiff's assignment of error seems to be the fact that Gorlesky stated on direct examination that he was treating plaintiff for different injuries related to the most recent accident. However, we cannot overlook his comments during cross-examination regarding plaintiff's susceptibility to further injury and the potential aggravation of her pre-existing problems. Gorlesky testified that these previous injuries were permanent, that soft tissue injuries in the neck "can never be returned to their original state after injury," that plaintiff was "susceptible" to neck pain and injuries because of her pre-existing neck injuries, and that her pre-existing neck problems were a "contributing factor" in the problems she had after the most recent accident.

While a trial court need not explain the application of the law to the evidence, N.C.G.S. § 1A-1, Rule 51 (1990), "it remains the duty of the court to instruct the jury upon the law with respect to every substantial feature of the case." *Mosley & Mosley Builders v. Landin Ltd.*, 87 N.C. App. 438, 445, 361 S.E.2d 608, 612 (1987). As such, "the trial court must instruct on a claim or defense if the evidence, when viewed in the light most favorable to the proponent, supports a reasonable inference of such claim or defense." *Wooten v. Warren*, 117 N.C. App. 350, 358, 451 S.E.2d 342, 347 (1994). It seems perfectly reasonable to infer from Gorlesky's testimony on cross-examination that jury instructions on the doctrines of peculiar susceptibility and aggravation of a pre-existing condition were appropriate, and we find no error in this regard.

[2] Plaintiff next argues that the trial court erred in charging the jury on the doctrine of avoidable consequences. These instructions dealt with plaintiff's failure to mitigate her damages and were based largely on N.C.P.I. Civil 106.45, which reads in part, "A party is not permitted to recover for damages that he could have avoided by using means which a reasonably prudent person would have used to cure his injury or alleviate his pain."

Gorlesky testified that "routine levels of physical exertion" prior to the most recent accident left plaintiff in pain sufficient to require her to seek further chiropractic treatment. Since this accident, plaintiff has engaged in high-impact aerobics (against Gorlesky's advice), snow-skiing, and water-skiing. The avoidable consequences doctrine

allows the jury to relieve the defendant of responsibility for the consequences of an injury to the extent that it finds that the plaintiff acted unreasonably and thereby enhanced his or her damages. *Snead v. Holloman*, 101 N.C. App. 462, 466, 400 S.E.2d 91, 94 (1991). Given plaintiff's medical history and the recommendations of her chiropractor, the evidence supports an instruction on whether her participation in vigorous physical activities was inappropriate and unreasonable. Thus, the trial court did not err in charging the jury on the doctrine of avoidable consequences.

Plaintiff's third argument is that the trial court erred by not submitting the issue of defendant Durham Taxicab Association's negligence to the jury. This could be done only on the theory of vicarious liability, but plaintiff never requested that this issue be submitted to the jury. Furthermore, the jury's answer of "no" to the first issue, "Was the Plaintiff Mandy Wright Holtman injured by the negligence of the Defendant Kathy Morgan Reese?" cures any alleged error in this regard since the employer could not be held vicariously liable for a tort its employee did not commit.

Next, plaintiff claims that the trial court erred in refusing to instruct the jury that it had granted a directed verdict in plaintiff's favor on the issue of negligence. The trial court recognized that the attorney for the defendants "in effect conceded" negligence in his opening statement, but noted that he never officially "stipulated" it. The fact that the trial court initially granted plaintiff's motion for a directed verdict on the issue of negligence but, upon reconsideration, instructed the jury that defendants had stipulated to negligence in the operation of the vehicle is of little consequence to plaintiff's case. Negligence was not the disputed issue; proximate cause was. The court's instruction on this issue was not prejudicial.

Plaintiff lists two more errors but addresses them simply by stating, "Plaintiff incorporates herein her arguments contained in Arguments I through IV herein." Having resolved those arguments in favor of defendants, we need not address further assignments of error based on those arguments alone.

### DEFENDANTS' APPEAL

[3] Defendants paid Gorlesky $1,167.75 for his discovery depositions but the trial court denied, as a matter of law, defendants' motion for an assessment of witness fees in this amount. Defendants argue on appeal that while the trial court may award or decline to award wit-

ness fees as an exercise of discretion, it may not decline to exercise its discretion by making this determination as a matter of law. This argument does not apply where, as here, the witness was not subpoenaed.

Defendants rely heavily on the language of N.C.G.S. § 7A-314, and quote the following subsections of that statute as being pertinent:

(a) A witness under subpoena, bound over, or recognized . . . shall be entitled to receive five dollars ($5.00) per day, or fraction thereof . . .

(d) An expert witness, other than a salaried State, county, or municipal law-enforcement officer, shall receive such compensation and allowances as the court, or the Judicial Standards Commission, in its discretion, may authorize.

N.C.G.S. § 7A-314(a) and (d) (1989). Defendants also urge this Court to follow the precedent of *Williams v. Boylan-Pearce*, 69 N.C. App. 315, 317 S.E.2d 17 (1984), *aff'd per curiam*, 313 N.C. 321, 327 S.E.2d 870 (1985), and rule that witness fees are awarded or declined not as a matter of law, but in the discretion of the court.

Defendants overlook the importance of the language of the very statute they cite. Section 7A-314(a) begins, "A witness under subpoena . . ." is entitled to fees, but there is nothing in the record to indicate that defendants subpoenaed Gorlesky for his deposition. The *Williams* case did not address subpoenas, so defendants' reliance on it is misplaced. A case more relevant to the issue at hand but less helpful to defendants is *Brandenburg Land Co. v. Champion International Corp.*, 107 N.C. App. 102, 418 S.E.2d 526 (1992). In *Brandenburg*, the appellant also sought to recover fees incurred during discovery proceedings but this request was denied for lack of subpoena. *Id.* at 104-05, 418 S.E.2d at 528-29. We stated in *Brandenburg* that we were bound by *State v. Johnson*, 282 N.C. 1, 191 S.E.2d 641 (1972) ("[o]nly witnesses who have been subpoenaed may be compensated"), *Brandenburg*, 107 at 104-05, 418 S.E.2d at 528-29, and we are similarly bound in this action, since there is nothing in the record that indicates that Gorlesky was subpoenaed for his deposition. As such, the trial court properly denied, as a matter of law, defendants' motion for an assessment of witness fees incurred in the deposition of Gorlesky.

For the reasons stated, we find no error with the judgment and order of the trial court with regards to plaintiff's appeal. The order with regards to defendants' appeal is affirmed.

No error.

Chief Judge ARNOLD and Judge McGEE concur.